Michael R. DiChiara (MD-2180)
KRAKOWER DICHIARA LLC
77 Market Street, Suite 3
Park Ridge, NJ 07656

11 Park Place, Suite 1503
New York, NY 10007
md@kdlawllc.com
Telephone: (201) 746-0303
Fax: (347) 765-1600

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LILIA YUDINA,

Plaintiff,

-against-

GREATER NEW YORK AUTOMOBILE
DEALERS ASSOCIATION,

Defendants.

-------------------------------------------------------x

COMPLAINT AND DEMAND FOR
JURY TRIAL

19 CV 5717

Plaintiff, by her attorneys, KRAKOWER DICHIARA LLC, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the antidiscrimination provisions of Title VII and the New York City Human Rights Law, New York City Administrative Code § 8-101, *et seq*. ("NYCHRL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because there is a federal question; and 28 U.S.C. § 1332(a), as diversity is present, the amount in controversy is over $75,000.00, exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(c), as Defendant conducts substantial business in this District.

## THE PARTIES

**Defendant Greater New York Automobile Dealers Association (GNYADA)**

4. Defendant GNYADA is a trade association that represents franchised car dealers in New York.

5. Defendant maintains a principal executive office at 18-10 Whitestone Expy, Whitestone, NY 11357

6. All actions and omissions described in this complaint were made by Defendant directly and/or through their supervisory employees and agents.

7. At all times relevant to this Complaint, Defendant was an employer as that term is defined by NYCHRL Section 8-102(5).

**Plaintiff Lilia Yudina**

8. Plaintiff Lilia Yudina ("Plaintiff") is a citizen of New Jersey.

9. Defendant employed Plaintiff as a Communications and Marketing Manager until she was wrongfully terminated in January 2019.

10. Plaintiff is female.

## FACTS

11. Defendant committed the following alleged acts knowingly, intentionally and willfully.

12. At all times relevant to this Complaint, Plaintiff met or exceeded all reasonable business expectations.

13. While employed by GNYADA, Plaintiff suffered several incidents of sexual harassment and retaliation.

14. For instance, on October 5, 2018, Ed Gazzillo ("Gazzillo"), the Executive Vice President of GNYADA, went to lunch with Plaintiff to Starbucks. Once there, Gazzillo sat very close to Plaintiff and began to engage in an inappropriate conversation.

15. Gazzillo asked Plaintiff if she had a boyfriend, if she was dating anyone, what dating apps Plaintiff used, and what type of men she likes.

16. During this same conversation, Gazzillo informed Plaintiff that he had just separated from his wife, and that he wanted Plaintiff to stop by his office at the end of each workday to say goodbye. This conversation made Plaintiff extremely uncomfortable.

17. Shortly after the above incident, Gazzillo asked Plaintiff to travel to Iowa with him for a convention.

18. Gazzillo made Plaintiff uncomfortable, again, by constantly talking about the trip and how they would have dinners together at convention.

19. In addition, Gazzillo frequently commented on Plaintiff's clothes and inquired why she would wear cover-ups.

20. After having endured multiple incidents of harassment and retaliation, Plaintiff filed an internal complaint on November 11, 2018 concerning Gazzillo's conduct.

21. In her written complaint, Plaintiff documented multiple incidents of sexual harassment and retaliation.

22. On November 20, 2018, GNYADA determined that Plaintiff's allegations were "unsubstantiated".

23. Shortly after the determination concerning Plaintiff's complaint, GNYADA engaged in one final act of retaliation when it terminated Plaintiff on January 3, 2019.

## FIRST CLAIM FOR RELIEF
**(Gender Discrimination in Violation of
New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*)**

24. Plaintiff realleges and incorporates by reference all previous paragraphs.

25. Defendant discriminated against Plaintiff on the basis of Plaintiff's gender in violation of NYCHRL § 8-101 *et seq*.

26. Plaintiff is female.

27. Plaintiff belongs to the group protected by NYCHRL § 8-101 *et seq*.

28. Defendant engaged in unlawful discriminatory practices as that term is defined by the NYCHRL.

29. Defendant created and knowingly tolerated an abusive and hostile work environment in which Plaintiff was discriminated against based on her gender.

30. Plaintiff has been subject to unwelcome harassment.

31. Plaintiff was subjected to harassment based on her gender.

32. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a discriminatorily abusive working environment.

33. Defendant was aware of and is directly and vicariously responsible for such hostile work environment.

34. To the extent Defendant made Human Resources complaint procedures available to its employees, Plaintiff reasonably availed herself of those procedures.

35. Defendant failed to exercise reasonable care to prevent and correct promptly any harassing behavior based on gender.

36. In taking the above described discriminatory actions, the Defendant acted with malice and reckless indifference to Plaintiff's rights pursuant to NYCHRL (Admin. Code § 8-101 *et seq.*), giving rise to punitive damages as authorized by Admin. Code § 8-502.

37. As a direct and proximate result of Defendant's aforementioned discriminatory conduct, Plaintiff has suffered and will continue to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental anguish and suffering, and physical consequences of the severe emotional distress and damage to her professional reputation.

**SECOND CLAIM FOR RELIEF**
**(Sexual Harassment – Hostile Work Environment in Violation of**
**New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*)**

38. Plaintiff realleges and incorporates by reference all previous paragraphs.

39. Plaintiff is female.

40. Plaintiff belongs to the group protected by NYCHRL § 8-101 *et seq.*

41. Defendant engaged in unlawful discriminatory practices as that term is defined by the NYCHRL.

42. Defendant created and knowingly tolerated an abusive and hostile work environment in which Plaintiff was discriminated against based on her gender.

43. Plaintiff has been subject to unwelcome harassment.

44. Plaintiff was subjected to harassment based on her gender.

45. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a discriminatorily abusive working environment.

46. Defendant was aware of and is directly and vicariously responsible for such hostile work environment.

47. To the extent Defendant made Human Resources complaint procedures available to its employees, Plaintiff reasonably availed herself of those procedures.

48. Defendant failed to exercise reasonable care to prevent and correct promptly any harassing behavior based on gender.

49. In taking the above described discriminatory actions, the Defendant acted with malice and reckless indifference to Plaintiff's rights pursuant to NYCHRL (Admin. Code § 8-101 *et seq.*), giving rise to punitive damages as authorized by Admin. Code § 8-502.

50. As a direct and proximate result of Defendant's aforementioned discriminatory conduct, Plaintiff has suffered and will continue to suffer a loss of past and future income,

monetary damages, humiliation, severe emotional distress, mental anguish and suffering, and physical consequences of the severe emotional distress and damage to her professional reputation.

**THIRD CLAIM FOR RELIEF**
**(Retaliation in Violation of New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*)**

51. Plaintiff realleges and incorporates by reference all previous paragraphs.

52. By objecting to discrimination based on gender, Plaintiff engaged in a protected activity.

53. By complaining about discrimination and sexual harassment based on gender, Plaintiff engaged in an activity protected by New York City Human Rights Law.

54. Defendant was aware that Plaintiff had engaged in the protected activity of complaining about discrimination based on gender.

55. Defendant took an adverse employment action against Plaintiff and materially and adversely changed the terms and conditions of her employment.

56. A causal connection exists between Plaintiff's complaints about discrimination based on gender the adverse employment action Defendant took.

57. Defendant's retaliatory acts immediately followed Plaintiff's complaints for violations of New York State Labor Law and are in direct violation of Plaintiff's rights under New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*

58. Plaintiff engaged in the protected activity of complaining to her employer regarding issues of harassment and discrimination based on gender. A causal link exists between

7

the protected activity and adverse employment action as Defendant knew of Plaintiff's activities and complaints, and Defendant's retaliatory acts were a direct result of such complaints.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable injuries and damages.

60. Plaintiff seeks relief as provided by New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, including, without limitation backpay for lost wages, bonuses and/or other guaranteed or earned compensation, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.,* including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

61. As Defendant's retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of Plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

62. Plaintiff also requests damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

## FOURTH CLAIM FOR RELIEF
### (TITLE VII)

63. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

64. At all times relevant to this Complaint, Defendant was and is an employer within the meaning of Title VII.

65. Pursuant to Title VII, it is unlawful to discriminate against an employee because of gender.

66. Plaintiff is a member of a protected class.

67. Defendant engaged in unlawful discriminatory practices as Title VII defines that term.

68. As a result of such conduct by the Defendant, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendant's illegal conduct.

69. Defendant's discriminatory treatment of plaintiff was willful and/or in reckless disregard of Plaintiff's rights protected by the Title VII, due to which Plaintiff is entitled to an award of punitive damages against Defendant.

## FIFTH CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII)

70. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

71. Title VII, specifically 42 U.S.C. § 2000e-3, makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

72. Plaintiff engaged in the protected activities of complaining about disparate treatment and by filing complaints with Defendant.

73. A causal link exists between Plaintiff's engagement in the protected activities and the adverse actions she suffered, including but not limited to her non-renewal, as Defendant knew of Plaintiff's activities and complaints, and Defendant's retaliatory acts were a direct result of such activities and complaints.

74. As a result of such conduct by the Defendant, Plaintiff has suffered damages and is entitled and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendant's illegal conduct.

75. Defendant's retaliatory treatment of plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on all Claims for Relief:

A. Damages in an amount to be determined at trial;

B. All compensatory and economic damages;

C. Emotional damages;

D. All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

E. All punitive and statutory damages authorized by law;

F. Pre-judgment and post-judgment interest; and

G. Such further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right.

Dated: October 10, 2019　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　KRAKOWER DICHIARA LLC

　　　　　　　　　　　　　　　　　　By: s/ Michael R. DiChiara

　　　　　　　　　　　　　　　　　　Michael R. DiChiara
　　　　　　　　　　　　　　　　　　77 Market Street, Suite 2
　　　　　　　　　　　　　　　　　　Park Ridge, NJ 07656
　　　　　　　　　　　　　　　　　　T: (201) 746-6303
　　　　　　　　　　　　　　　　　　F: (347) 765-1600

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*